IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff | : | Case No. 2:07-cv-1261 |
| v. | : | Judge Sargus |
| The Bichard Farm Family Limited Partnership, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |

**Report and Recommendation**

This matter is before the Court on defendant Richard A. Bichard Farm Family Limited Partnership's September 3, 2008 letter to the Court and answer to plaintiff's complaint (doc. 16) and plaintiff United States of America's September 4, 2008 motion for default judgment and injunctive relief (doc. 17).

On December 13, 2007 the United States filed a complaint against the Richard A. Bichard Farm Family Limited Partnership. On August 25, 2008, plaintiff moved for entry of default because defendant had failed to plead or otherwise defend this action. (Doc. 14.) On August 26, 2008, the Clerk of Court entered default against defendant. (Doc. 15.)

In his letter to the Court, Mr. Bichard stated that on May 27, 2008, he faxed his answer to the Assistant United States Attorney prosecuting this case. Because he was unfamiliar with the proper procedures, Mr. Bichard failed to file his answer with the

1

Clerk of Court. He seeks permission to attempt to defend this case. On September 4, 2008, plaintiff filed its motion for default judgment. (Doc. 17.)

Mr. Bichard's letter is best characterized as a motion to set aside the entry of default. An entry of default may be set aside for "good cause shown." Fed. R. Civ. P. 55(c); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). Trials on the merits are favored. *Berthelsen*, 907 F.2d at 620; *United Coin Meter v. Seaboard Coastline Railroad*, 705 F.2d 839 (6th Cir. 1983). Three factors are to be considered: whether plaintiff will be prejudiced if the case is reopened, whether defendant asserts a meritorious defense, and whether defendant's culpable conduct led to the default. *United Coin Meter*, 705 F.2d at 845; *Berthelsen*, 907 F.2d at 620.

The delay caused by a defendant's failure to promptly answer will not alone demonstrate that plaintiffs would be prejudiced by reopening the case. *Id*. Prejudice may be shown by a loss of evidence, increased difficulties conducting discovery, greater opportunities for fraud and collusion, and the like. *Id*. "In determining whether a defaulted defendant has a meritorious defense [l]ikelihood of success is not the measure. . . . [r]ather, if *any* defense relied upon states a defense good at law, then a meritorious defense has been advanced." *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987)(internal citations omitted).

The burden for setting aside an entry of default is a lesser one than for setting aside a default judgment. Further, "'the district court enjoys considerable latitude under the "good cause shown standard' of Rule 55(c) to grant a defendant relief from a

2

default entry.'  *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see also Manufacturers' Indus. Relations Ass'n. v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995)(recognizing that motions to set aside default entries, as opposed to default judgments, are to be granted more liberally)."  *United States of America v. Real Property and All Furnishings Known As Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999).

Plaintiff has not filed any response to Mr. Bichard's letter. When my staff telephoned his office, counsel for plaintiff said that he did not intend to file a response to the letter.  Because plaintiff failed to respond to Mr. Bichard's letter, it is difficult to argue that it would suffer any prejudice in the event that defendant's motion is granted. Defendant asserts a meritorious defense to plaintiff's complaint in that the answer denies that the pond is prohibited structure under the easement. Finally, defendant's failure to timely file an answer did not result from culpable conduct on the part of Bichard Family Farm Limited Partnership.

The Magistrate Judge RECOMMENDS that plaintiff's motion to set aside the entry of default be GRANTED and that plaintiff United States of America's September 4, 2008 motion for default judgment and injunctive relief (doc. 17) be DENIED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in

3

question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R. Abel
United States Magistrate Judge
