IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

THE BICHARD FARM FAMILY
LIMITED PARTNERSHIP,
    Defendant.

Case No. 2:07-cv-1261
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

## OPINION AND ORDER

Plaintiff United States of America filed this action for injunctive relief against Defendant Bichard Farm Family Limited Partnership seeking to require Defendant to remove a pond from Defendant's property over which Plaintiff undisputedly owns flowage easement rights. (Compl. 1-4.) Following Defendant's failure to properly answer the complaint, the Clerk entered default against Defendant. (Doc. 15.) This matter is before the Court on Defendant's Motion to Set Aside Entry of Default (Doc. 32), Plaintiff's Motion for Default Judgment and Injunctive Relief (Doc. 17), and the Magistrate Judge's Report and Recommendations (Doc. 19). For the reasons discussed below, Defendant's Motion (Doc. 32) is **GRANTED**, Plaintiff's Motion (Doc. 17) is **DENIED** as moot, and the Magistrate Judge's Report and Recommendations (Doc. 19) is **AFFIRMED**.

### I. Background

Defendant, a partnership holding title to the property at issue, consists of two partners, one of whom is Richard Bichard. (Bichard Aff. 1.) The complaint in this matter was filed in December 2007. Mr. Bichard asserts, and Plaintiff does not appear to dispute, that in May 2008 Mr. Bichard faxed a pro se answer to Plaintiff's attorney denying the principal allegations of the

complaint. (*Id.* at 2.) Mr. Bichard, a layperson, asserts that he believed that by faxing an answer to Plaintiff's counsel, he had formally filed an answer with the Court. (*Id.* at 1-2.)

In August 2008, Plaintiff filed an application for an entry of default (Doc. 14) which the Clerk granted (Doc. 15). Defendant's attempted pro se answer, which Mr. Bichard asserts had been faxed to Plaintiff's counsel in May, was filed with the Clerk on September 3, 2009. (Doc. 16.) The pro se answer was accompanied by a letter dated August 29, 2008 from Mr. Bichard "asking for forgiveness or permission to continue on with this case." (*Id.*) Plaintiff moved for default judgment on the following day. (Doc. 17.)

On October 6, 2008, the Magistrate filed a Report and Recommendation construing Mr. Bichard's August 29, 2008 letter as a motion to set aside the entry of default. (Doc. 19.) The Magistrate recommended that this Court set aside the entry of default and deny Plaintiff's motion for default judgment. No objections to this recommendation were filed, but on May 19, 2009, Plaintiff moved for summary judgment. (Doc. 26.)

The Court set this matter for hearing on the issue of Defendant's legal representation (Doc. 27), but following the appearance of Defendant's counsel, the Court vacated that hearing and ordered Defendant to file a motion to set aside the entry of default (Doc. 31).

This matter is now before the Court on Defendant's Motion to Set Aside Entry of Default (Doc. 32), Plaintiff's Motion for Default Judgment and Injunctive Relief (Doc. 17), and the Magistrate Judge's Report and Recommendations (Doc. 19).

2

## II. Discussion

### A. Defendant's Motion to Set Aside Entry of Default

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The burden for setting aside an entry of default is a lesser one than for setting aside a default judgment. "[T]he district court enjoys considerable latitude under the 'good cause shown standard'" of Rule 55(c) to grant a defendant relief from a default entry. *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see also Mfrs.' Indus. Relations Ass'n. v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995) (recognizing that motions to set aside default entries are to be granted more liberally than motions to set aside default judgments); *United States v. Real Property and All Furnishings Known As Bridwell's Grocery and Video*, 195 F.3d 819, 820 (6th Cir. 1999). Trials on the merits are favored. *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 846 (6th Cir. 1983); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

In determining whether good cause exists, the Court must consider three factors: (1) whether the plaintiff will be prejudiced if the entry of default is set aside; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the default. *United Coin*, 705 F.2d at 845 (citing *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980); *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982); *Rooks v. American Brass Co.*, 263 F.2d 166, 168 (6th Cir. 1959)); *Berthelsen*, 907 F.2d at 620.

3

### *1. Whether the plaintiff will be prejudiced*

To establish prejudice, a plaintiff "must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen*, 907 F.2d at 621 (citing *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir.)). The delay caused by a defendant's failure to promptly answer is not sufficient to demonstrate that the plaintiff would be prejudiced by reopening the case. *Berthelsen*, 907 F.2d at 621 (citing *INVST Fin. Group*, 815 F.2d at 398); *United Coin*, 705 F.2d at 845 (citing *Keegel*, 627 F.2d at 374, *Feliciano*, 691 F.2d at 656-57).

Plaintiff has not shown that the delay in this case "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Rather, Plaintiff points solely to the alleged "tangible harm" caused by Defendant's delay. (Pl.'s Br. 8-9.) Plaintiff cites *Southern Electrical Health Fund v. Bedrock Services*, in which this Court found that the defendant employer's "eight month delay in responding to the allegations . . . undoubtedly resulted in tangible harm" to the plaintiff employees where the plaintiffs stood to lose health, pension, and other financial benefits during the delay. 146 Fed. Appx. 772, 778 (6th Cir. 2005). Plaintiff in this case has not asserted any such pecuniary harm.

Considering the above circumstances, the Court finds that Plaintiff will not be prejudiced by reopening the case.

### *2. Whether the defendant has a meritorious defense*

"In determining whether a defaulted defendant has a meritorious defense[,] 'likelihood of success is not the measure.' Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin*, 705 F.2d at 845 (citing *Rooks*, 263 F.2d

at 169; *Keegel*, 627 F.2d at 734); *Berthelsen*, 907 F.2d at 621-22 (citing *United Coin*, 705 F.2d at 845); *INVST Fin. Group*, 815 F.2d at 398-99 (citing *United Coin*, 705 F.2d at 845). "[S]uch a defense is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense. The key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. *INVST Fin. Group*, 815 F.2d at 398-99 (internal quotations omitted) (citing *Keegel*, 627 F.2d at 734; 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2697 at 531 (1983)). A general denial does not amount to a "hint of a suggestion" of a defense. *Smith v. Comm'r*, 926 F.2d 1470, 1480 (6th Cir. 1991). However, for the purpose of this inquiry, "we must resolve all ambiguous or disputed facts in the light most favorable to the defendant." *Berthelsen*, 907 F.2d at 621 (citing *INVST Fin. Group*, 815 F.2d at 398).

In his attempted answer on Defendant's behalf, Mr. Bichard denied the allegations of the complaint and specifically denied that the pond is a "prohibited structure" under the easement held by Plaintiff. (Doc. 16.) Defendant asserts that Plaintiff's complaint, Plaintiff's motion for summary judgment, and Defendant's pro se answer together raise a "substantial issue on whether a farm pond is included within the prohibitions of Plaintiff's easements." (Def.'s Reply 4.)

The Court finds that a question exists regarding whether the farm pond is included within the prohibitions of Plaintiff's easement. Defendant has requested, and the Court hereby grants, additional time to respond to Plaintiff's motion for summary judgment on this issue. The Court will reach the merits of this issue after the parties have completed briefing on Plaintiff's motion for summary judgment. For the purpose of Defendant's motion, it suffices that Defendant has raised a "hint of a suggestion" of a meritorious defense.

5

Under the liberal standard that applies here, construing all ambiguous or disputed facts in the light most favorable to Defendant, and considering that Defendant has not yet replied to a pending motion for summary judgment on the primary issue in this matter, the Court finds that "there is some possibility" that further proceedings would reach a result contrary to that achieved by a default. Defendant has therefore presented a "meritorious defense."

### 3. *Whether the defendant's culpable conduct led to the default*

To be treated as culpable, a defendant's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *INVST Fin. Group*, 815 F.2d at 399 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). "[W]here the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Id.*, 815 F.2d at 399 (quoting *Shepard Claims Serv.*, 796 F.2d at 195).

The Court finds that Defendant's conduct displays neither an intent to thwart judicial proceedings nor a reckless disregard for the effect of its conduct on those proceedings. When the entry of default was entered, Mr. Bichard, on Defendant's behalf, promptly attempted (albeit ineffectively) to set aside the default. He also acted swiftly to obtain legal representation when so prompted by the Court. This conduct is not "culpable."

Considering the three factors discussed above, the Court finds good cause to set aside the entry of default. Defendant's motion is therefore granted.

6

### B. Plaintiff's Motion for Default Judgment

Because the Court has vacated the entry of default, Plaintiff's Motion for Default Judgment is hereby dismissed as moot.

### C. Report and Recommendation

For the reasons discussed above, the Magistrate Judge's Report and Recommendation is affirmed. The Court notes that while the Report and Recommendation is based on Defendant's August 29, 2008 letter, which the Magistrate Judge construed as a motion to set aside the entry of default, the Court rather considers Defendant's July 2, 2009 Motion. *See First Amendment Found. v. Brookfield*, 575 F. Supp. 1207 (N.D. Ill. 1983) (holding that corporations, partnerships, and other unincorporated organizations must be represented in court by attorneys admitted to practice, and may not appear through an officer or other lay representative) (citing *Strong Delivery Ministry Ass'n v. Bd. of Appeals*, 543 F.2d 32 (7th Cir.1976); *Move Org. v. U.S. Dep't of Justice*, 555 F. Supp. 684, 692-93 (E.D. Pa. 1983); *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 476 (N.D. Tex., W.D. Pa., N.D. Ind., D. Minn., S.D. Ala., W.D. Wis.1975); *Pilla v. Am. Bar Association*, 542 F.2d 56 (8th Cir.1976)).

## III. Conclusion

For the reasons discussed above, Defendant's Motion (Doc. 32) is **GRANTED**, the Magistrate Judge's Report and Recommendations (Doc. 19) is **AFFIRMED**, and Plaintiff's Motion (Doc. 17) is **DENIED** as moot. The Clerk is hereby **DIRECTED** to **VACATE** the Entry of Default entered on August 26, 2008 (Doc. 15). The Court further **ORDERS** that Defendant shall file a response to Plaintiff's Motion for Summary Judgment (Doc. 26) within

7

twenty-one (21) days after the date of this Order, and Plaintiff's reply shall be due within eleven (11) days after Defendant's response is filed.

**IT IS SO ORDERED.**

_8-3-2009_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**